UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ALBERT J. MARSE** | **CIVIL ACTION NO. 3:16-CV-1067** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **LA DEPT. OF CORRECTIONS** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint filed pursuant to the provisions of 42 U.S.C. §1983 by *pro se* plaintiff Albert J. Marse. Plaintiff filed this complaint on July 11, 2016, and was afforded *in forma pauperis* status on July 25, 2016. When he filed this complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections, incarcerated at the Riverbend Detention Center, Lake Providence, Louisiana. However, he has since been released from custody [Rec. Doc. 5] Plaintiff named the Louisiana Department of Corrections as his only defendant. [Doc. 1, p. 3] He prayed for damages in the amount of $200 per "90 days of extra time that they illegally made me serve.' [Rec. Doc. 1, p. 4]

**STATEMENT OF THE CASE**

While serving a sentence for Theft, Simple Burglary and Simple Burglary under the habitual offender law, and participating in a Transitional Work Program, plaintiff was written up for synthetic marijuana. On November 17, 2015, with apparently less than thirty (30) days remaining in this sentence, he was sanctioned with forfeiture of ninety (90) days of good time.

On December 8, 2015, he began serving a consecutive sentence on a contraband charge. Plaintiff asserts that his constitutional rights were violated when the forfeiture of 90 days was applied

to the sentence he began serving on December 8, 2015.

## LAW AND ANALYSIS

1. *Heck v. Humphrey* Considerations

Unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied good time credits, he has no damages claim against this defendant cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Plaintiff's damage claim seeks monetary damages for the deprivation of good time credits and directly calls into question the lawfulness of length of his confinement. Because the permanent deprivation of his good time credits essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. at 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that the denial of his good time credits has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Nor did the plaintiff allege that he has successfully challenged the prison system's refusal to restore the forfeited credits. Therefore, the plaintiff's loss of good time claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93

S.Ct. 1827 (1973).

2. Immunity

Plaintiff has named a single defendant, the Louisiana Department of Corrections. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. *See, Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139 (1979); *Edelman v. Jordan, supra*. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment, and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir.1999); *Anderson v. Phelps*, 655 F.Supp. 560 (M.D.La.1985).

Plaintiff's complaint is subject to dismissal on this ground also.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous, and for failing to state a claim on which relief may be granted, and for seeking monetary damages against a defendant who is immune from such relief pursuant to the provisions of 28 U.S.C.1915(e)(2).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 14th day of September, 2016.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE